ROBERT D. LIPSCOMB (S.B. No. 130156)
4725 Placidia Ave.
Toluca Lake, CA  91602
Telephone (818) 399-0120
Facsimile: (866) 399-3245

Attorneys for Defendant, MME LOGIC CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANYA WILLIAMS,<br><br>              Plaintiff,<br>   vs.<br><br>MME LOGIC CORP, and DOES 1 to 10, inclusive,<br><br>              Defendants. | CASE NO.  2:22-CV-07594-DSF-SK<br><br>ANSWER TO COMPLAINT |

   TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

   COMES NOW, Defendant, MME  LOGIC CORP. (hereinafter, "defendant" or "MME") and for itself alone, for its Answer to the Complaint of Plaintiff Latanya Williams, to deny, admit and allege as follows:

ANSWER       1

1. Answering paragraph 1 of the Complaint, defendant lacks sufficient information or belief either to admit or to deny the allegations thereof, and on that basis, defendant denies the allegations of said paragraph.

2. Answering paragraph 2 of the Complaint, defendant admits that it is the owner of the real property located at 1964 W. 9th St., Upland, California (the "Subject Property").

3. Answering paragraph 3 of the Complaint, defendant lacks sufficient information or belief either to admit or to deny the allegations thereof, and on that basis, defendant denies the allegations of said paragraph.

4. Answering paragraph 4 of the Complaint, defendant lacks sufficient information or belief either to admit or to deny the allegations thereof, and on that basis, defendant denies the allegations of said paragraph. Defendant further alleges that it is not the agent of any other person or entity as to any matters relevant herein, and denies any liability for the acts or omissions of any other person or entity.

5. Answering paragraph 5 of the Complaint, defendant lacks sufficient information or belief either to admit or to deny the allegations thereof, and on that basis denies the allegations of said paragraph. Defendant further alleges that it is not the agent of any other person or entity as to any matters relevant herein, and denies any liability for the acts or omissions of any other person or entity.

6. Answering paragraph 6 of the Complaint, defendant admits that the Court has jurisdiction over the Complaint to the extent that it alleges any violation of the Americans With Disabilities Act ("ADA"). Defendant alleges that the Court may, but is not required to, exercise jurisdiction over claims for relief in the Complaint that allege violations of state law.

7. Answering paragraph 7 of the Complaint, defendant alleges that the Complaint speaks for itself.

8. Answering paragraph 8 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the subject statutes speak for themselves.

9. Answering paragraph 9 of the Complaint, defendant admits that venue is proper in this judicial district.

10. Answering paragraph 10 of the Complaint, defendant lacks sufficient information or belief either to admit or to deny the allegations thereof, and on that basis, defendant denies the allegations of said paragraph.

11. Answering paragraph 11 of the Complaint, defendant admits that the business operated at the Subject Property is open to the public during business hours and to that extent is a public accommodation under the ADA.

12. Answering paragraph 12 of the Complaint, defendant lacks sufficient information or belief either to admit or to deny the allegations thereof, and on that basis, defendant denies the allegations of said paragraph.

13. Answering paragraph 13 of the Complaint, defendant denies the allegations of said paragraph.

14. Answering paragraph 14 of the Complaint, defendant denies the allegations of said paragraph.

15. Answering paragraph 15 of the Complaint, defendant denies the allegations of said paragraph.

16. Answering paragraph 16 of the Complaint, defendant denies the allegations of said paragraph.

17. Answering paragraph 17 of the Complaint, defendant admits that it exercises control over the Subject Property.  Except as so expressly admitted, defendant denies the allegations of said paragraph.

18. Answering paragraph 18 of the Complaint, defendant incorporates its denials, admissions and allegations of paragraphs 1 through 17, above, as if restated in full.

19. Answering paragraph 19 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statute speaks for itself.

20. Answering paragraph 20 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statutes and regulations speak for themselves.

21. Answering paragraph 21 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statutes and regulations speak for themselves.

22. Answering paragraph 22 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statutes and regulations speak for themselves.

23. Answering paragraph 23 of the Complaint, defendant lacks sufficient information or belief either to admit or to deny the allegations thereof, and on that basis denies the allegations of said paragraph.

24. Answering paragraph 24 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statutes and regulations speak for themselves.

25. Answering paragraph 25 of the Complaint, defendant lacks sufficient information or belief either to admit or to deny the allegations thereof, and on that basis denies the allegations of said paragraph. Defendant further denies any legal conclusions stated therein and alleges that the referenced statutes and regulations speak for themselves.

26. Answering paragraph of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statutes and regulations speak for themselves.

27. Answering paragraph 27 of the Complaint, defendant lacks sufficient information or belief either to admit or to deny the allegations thereof, and on that basis denies the allegations of said paragraph.

28. Answering paragraph 28 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced regulation speaks for itself.

29. Answering paragraph 29 of the Complaint, defendant denies the allegations of said paragraph.

30. Answering paragraph 30 of the Complaint, defendant denies the allegations of said paragraph.

31. Answering paragraph 31 of the Complaint, defendant incorporates its denials, admissions and allegations of paragraphs 1 through 30, above, as if restated in full.

32. Answering paragraph 32 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statute speaks for itself.

33. Answering paragraph 33 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statute speaks for itself.

34. Answering paragraph 34 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statute speaks for itself. Defendant denies that it has violated the ADA.

35. Answering paragraph 35 of the Complaint, defendant denies the allegations of said paragraph.

36. Answering paragraph 36 of the Complaint, defendant denies the allegations of said paragraph

37. Answering paragraph 37 of the Complaint, defendant incorporates its denials, admissions and allegations of paragraphs 1 through 36, above, as if restated in full.

38. Answering paragraph 38 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statute speaks for itself.

39. Answering paragraph 39 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statute speaks for itself.

40. Answering paragraph 40 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statute speaks for itself.

41. Answering paragraph 41 of the Complaint, defendant denies the allegations of said paragraph.

42. Answering paragraph 42 of the Complaint, defendant denies the allegations of said paragraph.

43. Answering paragraph 43 of the Complaint, defendant incorporates its denials, admissions and allegations of paragraphs 1 through 42, above, as if restated in full.

44. Answering paragraph 44 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statute speaks for itself. Defendant lacks sufficient information or belief either to admit or deny the remaining allegations of said paragraph and on that basis denies said allegations.

45. Answering paragraph 45 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statute speaks for itself.

46. Answering paragraph 46 of the Complaint, defendant denies any legal conclusions stated therein and alleges that the referenced statutes speak for themselves

47. Answering paragraph 47 of the Complaint, defendant incorporates its denials, admissions and allegations of paragraphs 1 through 46, above, as if restated in full.

48. Answering paragraph 48 of the Complaint, defendant admits that it has a duty to comply with the statutes referenced therein.

49. Answering paragraph 49 of the Complaint, defendant denies the allegations of said paragraph.

50. Answering paragraph 50 of the Complaint, defendant denies the allegations of said paragraph.

///

## AFFIRMATIVE DEFENSES

Defendant also asserts the following Affirmative Defenses to the claims stated in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint is moot and should be dismissed pursuant to F.R.C.P. Rule 12(b)(1).

### THIRD AFFIRMATIVE DEFENSE

3. The Complaint is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

4. The Complaint is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5. The Complaint is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

6. Remediation is not readily achievable of any defect plaintiff may allege beyond any alleged defect that defendant has already remediated.

///

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff lacks standing to pursue any claims against defendant because plaintiff cannot establish that she has any intention to return to the Subject Property.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff lacks standing to pursue any claims against defendant because plaintiff cannot establish she has suffered an injury-in-fact.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff lacks standing because plaintiff cannot establish that she has been deterred from returning to the Subject Property.

### TENTH AFFIRMATIVE DEFENSE

10. The Subject Property was constructed and occupied pursuant to properly issued permits upon which defendant had the right to rely as establishing the compliance of the Subject Property with the ADA.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The remediation of the Subject Property requested by plaintiff is not readily achievable.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff has failed to take reasonable steps to mitigate her damages, which damages are expressly denied.

THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendant has provided reasonable alternative means for plaintiff and other customers to access the Subject Property.

FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff did not give Defendant notice of any alleged ADA violation at the Subject Property nor provide an opportunity to correct any alleged ADA violation at the Subject Property before filing suit herein.

FIFTEENTH AFFIRMATIVE DEFENSE

15. The Court should decline to exercise over plaintiff's claims for relief under California Civil Code § 51, et seq., or otherwise based on state law, because plaintiff is a high frequency litigant who has stated said claims in order to evade the requirements of California Code of Civil Procedure § 425.55.

SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff is barred from relief under California Civil Code § 51, et seq., because that statute may not be construed to require any construction, alteration or modification of any sort to any existing building, structure or property.

SEVENTEENTH AFFIRMATIVE DEFENSE

17. The Complaint fails to describe any alleged defect, or defendant's alleged wrongful conduct or omissions with sufficient particularity for defendant to determine all of the defenses which may exist to the claims alleged. Defendant has

not completed its investigation or discovery with respect to the claims alleged in the Complaint, and therefore reserves the right to assert any additional affirmative defenses that may be warranted by facts learned in investigation and discovery.

WHEREFORE, defendant prays for relief as follows:

1. That the Court enter judgment in favor of defendant, and against plaintiff, on all claims in plaintiff's Complaint;

2. For costs of suit herein; and

3. For such other relief as the Court deems just and proper.

DATED:  January 30, 2023                    ROBERT D. LIPSCOMB

By:_____/s/_____
Robert Lipscomb, attorney for
Defendant  MME LOGIC CORP.